UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

IVAN ROMERO, JAIRO FORD, RAFAEL AMPARO      :
and MARLON REYES, on behalf of themselves and   :
all others similarly situated,                                       :

                                         :   **COMPLAINT**

                     Plaintiffs,   :

                                         :   **CLASS AND**

         -against-   :   **COLLECTIVE ACTION**

                                         :

AA JEDSON COMPANY LLC, JEDSON COMPANY   :
LLC, and MICHAEL BORDES,                               :

                                     :

                    Defendants.   :

------------------------------------------------------------------------X

      Plaintiffs Ivan Romero, Jairo Ford, Rafael Amparo, and Marlon Reyes (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants AA Jedson Company LLC, Jedson Company LLC, (together with AA Jedson Company LLC, referred to as "Jedson") and Michael Bordes (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

      1.     Plaintiffs, former carpenters and general construction workers at Jedson, regularly worked over forty hours per workweek but were paid the same hourly rate for all hours worked per week, including those over forty.  In addition to denying Plaintiffs overtime wages, Defendants failed to furnish Plaintiffs with wage notices and with compliant wage statements at the end of every pay period.

      2.     Plaintiffs bring this action on behalf of themselves and all similarly situated current and former non-exempt construction workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime requirements of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees

of their lawfully earned wages.

3.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former non-exempt construction workers who work or have worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## JURISDICTION

4.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because many of the events giving rise to Plaintiffs' claims arose at Jedson work sites located in this district, where Jedson also maintains an office.

## PARTIES

**PLAINTIFFS**

**Ivan Romero**

6.      Ivan Romero ("Romero") is a resident of the Bronx, New York.

7.      Romero was employed by Defendants as a carpenter from approximately January 2017 to June 2018 and from approximately December 2019 to September 4, 2020.

**Jairo Ford**

8.      Jairo Ford ("Ford") is a resident of the Bronx, New York.

9.      Ford was employed by Defendants as a carpenter from 2017 through January 2020 and again in September 2020.

**Rafael Amparo**

10.     Rafael Amparo ("Amparo") is a resident of the Bronx, New York.

11.     Amparo was employed by Defendants as a carpenter from in or around 2016 to 2017, for six months in 2018, and from approximately January 2020 to August 2020.

**Marlon Reyes**

12.     Marlon Reyes ("Reyes") is a resident of the Bronx, New York.

13.     Reyes was employed by Defendants as a carpenter in 2016, approximately February 2018 to July 2018, and again from approximately March 2020 to September 2020.

**DEFENDANTS**

14.     AA Jedson Company LLC and Jedson Company LLC (collectively, "Jedson") are  New York Corporations that own and operate Jedson, a "general development and design build firm … with over 40 years experience in construction management."  *See* https://www.aajedsoncompanyllc.com/about.html

15.     According to Plaintiffs' paychecks, Jedson's principal executive office is located at 7 Rye Ridge Plaza, Suite 149, Rye Brook, New York 10573.

16.     Jedson Company LLC is the entity that appears on Plaintiffs' paychecks.

17.     Jedson is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

18.     At all relevant times, Jedson has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

19.     Jedson has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

20.     Jedson applies the same employment policies, practices, and procedures to all non-exempt workers, including policies, practices, and procedures with respect to the payment of overtime compensation and the making of unlawful deductions.

In the three years preceding the filing of this Complaint, Jedson's annual gross volume of sales exceeded $500,000.

**Michael Bordes**

21.     Michael Bordes ("Bordes") owns and/or operates Jedson.

22.     Bordes has and exercises power over personnel decisions at Jedson, including the hiring and firing of employees, the setting of their wages, and otherwise controlling the terms and conditions of their employment.

23.     Bordes is actively involved in managing the day-to-day operations of Jedson.  The Jedson company website describes Bordes as "the person you will speak to at AA Jedson Company LLC and [Bordes's] name is stamped on every page of every job, from start to finish." https://www.aajedsoncompanyllc.com/about.html (last visited December 15, 2020).

24.     Bordes is the Chief Executive Officer at AA Jedson Company. https://www.linkedin.com/in/michaelbordes (last visited December 15, 2020).

25.     Bordes is the President of AA Jedson Company. https://www.aajedsoncompanyllc.com/about.html (last visited December 15, 2020).

26.     Bordes signed Plaintiffs' weekly paychecks.

27.     Bordes exercised sufficient control over the operations of Jedson to be considered Plaintiffs' employer under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who work or have worked as construction workers at Jedson and who elect to opt-in to this action (the "FLSA Collective").

29.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.

30.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid premium overtime compensation for all hours worked beyond forty per workweek.

31.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

32.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, premium overtime wages for all hours worked in excess of forty hours per workweek.

33.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for all hours worked in excess of forty per workweek.

34.     There are over fifty similarly situated current and former construction workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

35.     Plaintiffs bring the Second, Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as non-exempt construction workers at Jedson as of six years from the filing of this Complaint through the date of final judgment in this matter (the "Rule 23 Class").

36.     The Rule 23 Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

37.     There are more than fifty Rule 23 Class members.

38.     Plaintiffs' claims are typical of those claims that could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

39.     Plaintiffs and the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class.

40.     Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class and have no interests antagonistic to the Rule 23 Class.

41.     Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented many plaintiffs and classes in wage and hour cases.

42.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

43.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

44.     The prosecution of separate actions by individual Rule 23 Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiffs and the Rule 23 Class members individually and include, but are not limited to, the following:

    (a) whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of forty per workweek;

    (b) whether Defendants made unlawful deductions against Plaintiffs' and the Rule 23 Class's wages, in violation of the NYLL;

    (c) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

    (d) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with accurate wage statements, as required by the NYLL;

    (e) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    (f) the nature and extent of class-wide injury and the measure of damages for those injuries.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Ivan Romero**

46.     Throughout his employment, Defendants paid Romero at a straight time rate of $25.00 an hour for all hours worked, including hours over forty per workweek.

47.     Unless he missed time for vacation, sick days, and/or holidays, Romero regularly worked five or six days per week, between approximately eight and twelve hours per day, averaging approximately forty to seventy-two hours per workweek.

48.     For example, during the week of January 6, 2020, Romero worked sixty-four and a half hours at a construction site for SLT Tread Gym located at 88 Madison Avenue, New York, New York.

49.     Also, during the week of February 3, 2020, Romero worked fifty and a half hours.

50.     Defendants deducted the cost of tools from Romero's wages in September 2020.  These deductions required by Defendants were not permitted as deductions from wages under the NYLL.

51.     Defendants occasionally adjusted Romero's hours worked and paid him for less than his hours worked.

52.     For example, during the workweek starting July 27, 2020, Romero logged sixty hours and thirty minutes on the time-keeping application used by Jedson to keep track of employees' hours, however, he was only paid for fifty-eight hours that workweek.

53.     Similarly, during the workweek starting July 20, 2020, Romero logged fifty-nine hours, but was only paid for fifty-seven hours and thirty minutes.

54.     Defendants failed to compensate Romero at time and one-half his regular hourly rate for all hours worked beyond forty per workweek, as required by the FLSA and NYLL.

55.     Defendants failed to furnish Romero with a wage notice upon hire and whenever his pay rate changed, as required by the NYLL.

56.     Defendants failed to furnish Romero with accurate statements of wages, hours worked, rates paid, and gross wages, as required by the NYLL.

**Jairo Ford**

57.     Throughout his employment, Defendants paid Ford at a straight time rate of $15.00 or $17.00 an hour for all hours worked, including hours over forty per workweek.

58.     Unless he missed time for vacation, sick days, and/or holidays, Ford regularly worked five or six days per week, between approximately eight and twelve hours per day for approximately forty to seventy-two hours per workweek.

- 9 -

59.     For example, in or around November and December 2019, Ford worked six days per week, from 7:00 a.m. to 4:00 p.m. or 5:00 p.m., with a forty-five minute daily break, for between approximately forty-nine hours and thirty minutes and fifty-five hours and thirty minutes.

60.     Defendants deducted the cost of tools from Ford's wages in September 2020.  These deductions required by Defendants were not permitted as deductions from wages under the NYLL.

61.     Defendants failed to compensate Ford at time and one-half his regular hourly rate for all hours worked beyond forty per workweek, as required by the FLSA and NYLL.

62.     Defendants failed to furnish Ford with a wage notice upon hire and whenever his pay rate changed, as required by the NYLL.

63.     Defendants failed to furnish Ford with accurate statements of wages, hours worked, rates paid, and gross wages, as required by the NYLL.

**Rafael Amparo**

64.     Throughout his employment, Defendants paid Amparo at a straight time rate of $15.00 an hour for all hours worked, including hours over forty per workweek.

65.     Unless he missed time for vacation, sick days, and/or holidays, Amparo regularly worked five or six days per week, between approximately eight and twelve hours per day, averaging approximately forty to seventy-two hours per workweek.

66.     For the workweek of August 2, 2020, Amparo worked 69.6 hours and was paid $1,044.00 in gross wages.

67.     For the workweek of April 19, 2020, Amparo worked 51.9 hours and was paid $778.50 in gross wages.

68.     Defendants failed to compensate Amparo at time and one-half his regular hourly rate for all hours worked beyond forty per workweek, as required by the FLSA and NYLL.

69.     Defendants failed to furnish Amparo with a wage notice upon hire and whenever his pay rate changed, as required by the NYLL.

70.     Defendants failed to furnish Amparo with accurate statements of wages, hours worked, rates paid, and gross wages, as required by the NYLL.

**Marlon Reyes**

71.     Throughout his employment, Defendants paid Reyes at a straight time rate of $20.00 or $25.00 an hour for all hours worked, including hours over forty per workweek.

72.     Unless he missed time for vacation, sick days, and/or holidays, Reyes regularly worked five or six days per week, between approximately eight and twelve hours per day for approximately forty to seventy-two hours per workweek.

73.     For the workweek of February 18, 2018, Defendants paid Reyes for 69.5 hours of work at a rate of $20.00 per hour, or $1,390.00 in gross wages.

74.     For the workweek of April 15, 2018, Defendants paid Reyes for 59 hours of work at a rate of $20.00 per hour, or $1,180.00 in gross wages.

75.     Defendants failed to compensate Reyes at time and one-half his regular hourly rate for all hours worked beyond forty per workweek, as required by the FLSA and NYLL.

76.     Defendants failed to furnish Reyes with a wage notice upon hire and whenever his pay rate changed, as required by the NYLL.

77.     Defendants failed to furnish Reyes with accurate statements of wages, hours worked, rates paid, and gross wages, as required by the NYLL.

- 11 -

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

78.    Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

79.    At all times relevant, Plaintiffs and the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 201 *et seq.*

80.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and its supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

81.    Defendants failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond forty per workweek.

82.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.  As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201 *et seq*.

83.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

84.    Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

85.    Throughout the relevant period, Plaintiffs and the Rule 23 Class have been employees of Defendants, and Defendants have been an employer of Plaintiffs and the Rule 23 Class, within the meaning of Article 19 of the NYLL, section 650 *et seq.*, and its supporting New York State Department of Labor Regulations.

86.    Throughout the relevant period, Plaintiffs and the Rule 23 Class have been covered employees under the NYLL.

87.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the Rule 23 Class.

88.    Defendants have failed to pay Plaintiffs and the Rule 23 Class the appropriate overtime premiums—at time and one-half their regular hourly wage rates—for all hours worked in excess of forty hours per workweek, as required by the NYLL and its supporting New York State Department of Labor Regulations.

89.    Through their knowing or intentional failure to pay Plaintiffs and the Rule 23 Class the appropriate overtime wages to which they were entitled for hours worked in excess of forty hours per workweek, Defendants willfully violated the NYLL, Article 19, § 650 *et seq.*, and its supporting New York State Department of Labor Regulations.

90.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages,

liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions from Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

91.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

92.     At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the members of the Rule 23 Class within the meaning of the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

93.     Defendants have deducted the cost of missing tools from the wages of Plaintiffs and the members of the Rule 23 Class.

94.     These payments were not permitted as deductions from wages under NYLL, Article 6, § 193.

95.     These payments were not authorized or required by law, and were not expressly authorized in writing by and for the benefit of Plaintiffs and the members of the Rule 23 Class.

96.     Through their knowing or intentional efforts to deduct the costs of tools from Plaintiffs and the members of the Rule 23 Class, when such deductions were not permitted under NYLL, Article 6, § 193, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

97.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

- 14 -

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

98.     Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

99.     Defendants have failed to supply Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100.     Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, up to five thousand dollars per individual, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

101.    Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

102.    Defendants failed to supply Plaintiffs and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing:  dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

103.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, up to five thousand dollars per individual, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Construction Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised

notice, worked at Jedson.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and its supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

E.      Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and its supporting New York State Department of Labor Regulations;

F.      Reimbursement of unlawful deductions, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.      Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Rule 23 Class with proper annual wage notices, up to a total of five thousand dollars per individual in this action, as provided for by NYLL, Article 6 § 198;

H.      Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements, up to a total of five thousand dollars per individual in this action, as provided for by NYLL, Article 6 § 198;

I.      Pre- and post-judgment interest;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
        January 13, 2021

PECHMAN LAW GROUP PLLC

By: s/*Louis Pechman*
    Louis Pechman
    Vivianna Morales
    488 Madison Avenue
    New York, New York 10022
    Telephone: (212) 583-9500
    pechman@pechmanlaw.com
    morales@pechmanlaw.com
    *Attorneys for Plaintiffs, the Putative FLSA*
    *Collective, and the Putative Rule 23 Class*